UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

      Plaintiff,

v.

PROSPECT AIRPORT SERVICES,
INC.,

      Defendant.

_____/

Case No.  2:26-cv-11237
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 18)**
**AND**
**STAYING PROCEEDINGS UNTIL PENDING MOTIONS ARE DECIDED**
**(ECF Nos. 6, 8)**

I.      Introduction

This is an employment case.  Plaintiff Mutaz Alshara, proceeding *pro se*, filed a complaint in state court against defendant Prospect Airport Services, Inc. (Prospect), asserting claims of discrimination and harassment under Michigan's Elliot Larsen Civil Rights Act.  (ECF No. 1, PageID.10-18).  Defendant removed the case to federal court on the grounds of diversity jurisdiction.  (*Id.*, PageID.1-6). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 19).

1

Before the Court are several motions: a motion to remand filed by Alshara (ECF No. 6); a motion to dismiss filed by Prospect (ECF No. 8); and a motion to strike the motion to dismiss filed by Alshara (ECF No. 18).  The motion to remand and motion to dismiss are fully briefed.  *See* ECF Nos. 9, 12, 13 (motion to remand) and ECF Nos. 10, 15, 17 (motion to dismiss).  Additionally, the parties filed a joint discovery plan on June 5, 2026.  (ECF No. 19).

For the reasons that follow, the motion to strike (ECF No. 18) will be DENIED and all proceedings will be STAYED pending a resolution of the motion to remand and motion to dismiss.

II.     Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  Additionally, "the Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document."  *Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-3366, 2021 WL 2712174, at *5 (S.D. Ohio July 1, 2021).  However, "[m]otions to strike are viewed with disfavor and are not frequently granted."  *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).

2

Alshara moves to strike Prospect's motion to dismiss, arguing that the motion to dismiss should not have been filed due to the pending motion to remand. This is not grounds to strike the motion. Moreover, there is nothing improper about Prospect filing a motion to dismiss, even in light of Alshara's motion to remand. As such, Alshara's motion will be denied.

### III.    Stay of Proceedings

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). "In determining whether to stay a matter pending resolution of independent proceedings which may bear upon the case at hand, the Court must balance the competing interests of 'economy of time and effort for itself, for counsel, and for litigants.'" *Lyngaas v. J. Reckner Assocs., Inc.*, No. 17-12867, 2019 WL 166227, at *2 (E.D. Mich. Jan. 10, 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

Here, Alshara has filed a motion to remand, and Prospect has filed a motion to dismiss. (ECF Nos. 6, 8). Either motion, if granted, will dispose of the case in this Court. Although the parties filed a discovery plan, both suggested that discovery be halted in some fashion, and discovery has not begun and will not begin until the motions are resolved. As such, no party will be prejudiced by a stay of proceedings in the case until the pending motions are decided. Additional

filings would only serve to delay these proceedings and would not be economical for the Court, the litigants, or counsel.

Accordingly, proceedings in this case will be stayed until the motion to remand and motion to dismiss are decided. Because the motions are fully briefed, no other filings or motions shall be submitted during the stay.

IV.    Conclusion

For the reasons discussed above, Alshara's motion to strike (ECF No. 18) is DENIED. Proceedings are STAYED pending resolution of the motion to remand and motion to dismiss.[1] **Any other filings or motions submitted during the stay will be stricken.**

SO ORDERED.

Dated: June 8, 2026                              s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

---

[1] The undersigned will issue a report and recommendation on both motions for consideration by the district judge, who will rule on the motions.